# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT LOGUE,

    *Plaintiff,*

v.

LAYNE INLINER, LLC,

    *Defendant.*

Case No. 6:17-CV-01245-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Robert Logue seeks monetary damages against his employer, Defendant Layne Inliner, LLC. Plaintiff alleges that Defendant negligently caused Plaintiff's back injury and Plaintiff's wife's loss of consortium. Defendant filed a Motion to Dismiss (Doc. 5), arguing that Plaintiff fails to state a claim upon which relief can be granted because his claim is barred by the exclusivity clause of the Kansas Workers' Compensation Act. For the reasons discussed below, the Court denies Defendant's motion.

### I. Factual and Procedural Background[1]

At all times material to this claim Plaintiff was employed by Defendant. Plaintiff's employment with Defendant consisted of manual labor, which included lining underground sewer

---

[1] The facts contained in this section are derived from Plaintiff's complaint and construed in the light most favorable to Plaintiff.

-2-

lines and storm drainpipe systems.  On February 2, 2016, Plaintiff suffered a back injured while moving heavy liners.  Plaintiff reported this injury to Defendant, but Defendant did not provide him with medical treatment or comply with his light duty restrictions.  Plaintiff suffered severe, permanent, and disabling injuries to his back, and his wife suffered a loss of consortium because of her husband's injuries.

Plaintiff filed a workers' compensation claim which was denied on the basis that his repetitive trauma was not the "prevailing factor" causing his injuries.  Plaintiff then brought this civil action, claiming negligence and loss of consortium damages.  Defendant moved to dismiss Plaintiff's claim under Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's claims are barred by the exclusivity clause of the Kansas Workers' Compensation Act ("KWCA").

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2]  Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3]  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[4]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5]  Under Rule 12(b)(6), the Court must

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

-3-

accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] '[has] not nudged [his] claims across the line from conceivable to plausible.' "[8]

### III.   Analysis

The KWCA provides an "exclusive remedy" provision stating that "[e]xcept as provided in the workers compensation act, no employer . . . shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, for which compensation is recoverable under the workers compensation act."[9] Accordingly, an employer may be civilly liable only when an employee's injury is not recoverable under the KWCA.[10] If a worker is entitled to workers' compensation benefits, then the worker may not also recover civilly for the same injury.[11]

The KWCA's exclusivity clause provides a waivable, affirmative defense to suit.[12] For the defense to bar a claim, Defendant must show the existence of an employer-employee relationship between Plaintiff and Defendant, and show that the injury sustained by Plaintiff is "recoverable"

---

[6] *Iqbal*, 556 U.S. at 678-79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (citation omitted).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] K.S.A. § 44-501b(d).

[10] *Endres v. Young*, __ P.3d __, 2018 WL 1883918, at *3 (Kan. Ct. App. 2018).

[11] *Fugit, Adm'x v. United Beechcraft, Inc.*, 222 Kan. 312, 564 P.2d 521, 523 (1977); *Griffin v. United States*, 644 F.2d 846, 848 (10th Cir. 1981).

[12] *Piper v. Stellar Fireworks, Inc.*, 2010 WL 3943628, at *1 (D. Kan. 2010).

under the KWCA—that is, the injured worker could have recovered workers' compensation benefits from the employer.[13] Defendant may meet the burden required by the exclusivity defense by showing that benefits could have been recovered by Plaintiff, even if those benefits were not actually recovered.[14]

For an injury to be recoverable under the KWCA it must both "arise out of" and occur "in the course of" employment. The terms "arising out of" and "in the course of" employment are terms of art as used in the KWCA. "In the course of employment" relates to the time, place, and circumstances around the occurrence of the injury and whether it occurred while the employee "was at work in the employer's service."[15] The KWCA separately identifies when an injury "arises out of employment" based on whether the injury is caused by an accident or by repetitive trauma.[16] An injury by accident "arises out of employment" only if (1) a causal connection exists "between the conditions under which the work is required to be performed and the resulting accident," and (2) "the accident is the prevailing factor causing the injury, medical condition, and resulting disability or impairment."[17] Likewise, an injury by repetitive trauma "arises out of employment" only if (1) "[t]he employment exposed the worker to an increased risk or hazard which the worker would not have been exposed in normal non-employment life," (2) the increased risk or hazard "is the prevailing factor in causing the repetitive trauma," and (3) "the repetitive trauma is the

---

[13] *Sehring v. Wickham*, 232 Kan. 704, 658 P.2d 1004, 1006 (1983); *Anderson v. Nat'l Carriers, Inc.*, 10 Kan. App. 2d 203, 695 P.2d 1293, 1297 (1985); *Sommerville v. Healthcare Servs. Grp., Inc.*, 2012 WL 1416703, at *4 (D. Kan. 2012); K.S.A. § 44-501b(b).

[14] *See Robinett v. Haskell Co.*, 270 Kan. 95, 12 P.3d 411, 414 (2000).

[15] *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 899 P.2d 1058, 1063 (1995); K.S.A. § 44-508.

[16] K.S.A. § 44-508(f)(2).

[17] K.S.A. § 44-508(f)(2)(B).

prevailing factor in causing both the medical condition and resulting disability or impairment."[18] " 'Prevailing' as it relates to the term 'factor' means the primary factor, in relation to any other factor."[19]

To prevail on its motion to dismiss, Defendant must show that the facts alleged in Plaintiff's complaint compel the application of the exclusivity defense as a matter of law.[20] Thus, it must show that (1) an employer-employee relationship existed between Plaintiff and Defendant, (2) the alleged injury occurred "in the course of employment," and (3) the alleged injury "arises out of employment," which requires a showing that the accident or repetitive trauma is the "prevailing factor" in causing Plaintiff's medical condition and resulting disability or impairment. The parties do not appear to dispute whether Defendant has met its burden as to the first and second requirements. Rather, they dispute whether Defendant satisfies the "arises out of employment" requirement and whether the "prevailing factor" requirement has been met.

Both Plaintiff and Defendant have switched perspectives on the issue of prevailing factor as they moved from the KWCA proceedings to court. During the KWCA proceedings Plaintiff argued that work was the prevailing factor causing his injuries and Defendant argued that work was not the prevailing factor causing Plaintiff's injuries. After an ALJ found for Defendant and the Board affirmed, Plaintiff brought the current action. Plaintiff asserts that work was not the prevailing factor of his injuries, as found at the administrative level, and that Defendant is precluded from arguing otherwise. Defendant argues that an ALJ could have found and still could

---

[18] K.S.A. § 44-508(f)(2)(A).

[19] K.S.A. § 44-508(g).

[20] *Radil v. Sanborn W. Camps. Inc.*, 384 F.3d 1220, 1225-26 (10th Cir. 2004).

find that work is the prevailing factor causing Plaintiff's injuries. Defendant asserts that this makes Plaintiff's injuries "recoverable" within the meaning of the exclusivity clause, precluding Plaintiff from bringing this claim. Based on the allegations contained in Plaintiff's complaint, the Court cannot say that the alleged accident or repetitive trauma is the prevailing factor causing Plaintiff's injury, medical condition, and resulting disability or impairment, or that the exclusive remedy provision compels dismissal at this stage. Rather, this determination is factual.

Defendant's sole contention in its motion is that the exclusive remedy provision of the KWCA bars Plaintiff's claim. However, the exclusive remedy provision does not bar the claim unless work was the prevailing factor causing Plaintiff's injuries. Plaintiff asserts in his complaint that work was not the prevailing factor, and the Court on a motion to dismiss must accept the facts as alleged by Plaintiff. Therefore, Defendant has not show that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court denies Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Layne Inliner, LLC's Motion to Dismiss (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of June 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE